FILED

MAY 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XIN DU,<br><br>            Petitioner,<br><br>    v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>            Respondent. | No. 12-72356<br><br>Agency No. A088-480-593<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014[**]

Before:     CLIFTON, BEA, and WATFORD, Circuit Judges.

    Xin Du, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum and withholding of removal.

We have jurisdiction under 8 U.S.C. § 1252.  We review de novo questions of law

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and for substantial evidence factual findings. *Jiang v. Holder*, 611 F.3d 1086, 1091 (9th Cir. 2010). We grant the petition for review, and we remand.

In finding Du did not suffer past persecution, the BIA characterized his experience as involving only a "brief detention" and "single threat." Substantial evidence does not support this finding because the BIA did not address the full extent of Du's past harm, including the denial of a marriage license, the forced abortion, and the ban on further contact with his girlfriend. *See Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir. 1998) ("[t]he key question is whether, looking at the cumulative effect of all the incidents a petitioner has suffered, the treatment [he] received rises to the level of persecution"); *Kalubi v. Ashcroft*, 364 F.3d 1134, 1141 (9th Cir. 2004) (finding BIA's consideration of issue insufficient and remanding for explanation of rationale); *see also Jiang*, 611 F.3d at 1095-96 (considering forced abortion and other factors in past persecution analysis). Thus, we grant the petition for review and remand Du's asylum and withholding of removal claims to the BIA for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

In light of our remand, we do not reach Du's argument that the BIA failed to analyze "other resistance."

**PETITION FOR REVIEW GRANTED; REMANDED.**